Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000888
29-JUN-2018
09:08 AM

NOS.  CAAP-17-0000888 AND CAAP-18-0000402

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


**CAAP-17-0000888**
STATE OF HAWAIʻI,
Plaintiff-Appellee,
v.
ALFRED NAPAHUELUNA SPINNEY,
Defendant-Appellant,

AND

**CAAP-18-0000402**
STATE OF HAWAIʻI,
Plaintiff-Appellee,
v.
ALFRED NAPAHUELUNA SPINNEY,
Defendant-Appellant,


APPEALS FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CASE NO. 3DCW-17-0003264)


ORDER
CONSOLIDATING CASE NUMBERS CAAP-17-0000888 AND
CAAP-18-0000402 UNDER CASE NUMBER CAAP-17-0000888,
DISMISSING CONSOLIDATED APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING AS MOOT ALL PENDING MOTIONS IN THE CONSOLIDATED APPEAL
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Upon review of the record of district court criminal case number 3DCW-17-0003264 for resulting appeals in appellate court case numbers CAAP-17-0000888 and CAAP-18-0000402, it

appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016). In these two appeals, Defendant-Appellant Alfred Napahueluna Spinney (Spinney), pro se, appeals from the Honorable Peter Bresciani's December 4, 2017 interlocutory order, the Honorable Harry Freitas's February 14, 2018 interlocutory order, and the Honorable M. Kanani Laubach's May 10, 2018 interlocutory order from the ongoing proceedings for Plaintiff-Appellee State of Hawaii's (the State) December 4, 2017 complaint against Spinney for criminal contempt of court in violation of HRS § 710-1077 (2014 & Supp. 2017). Under these circumstances, the consolidation and dismissal of the two appeals is warranted.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure; State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005) (regarding the appealability of a district court judgment of conviction); State v. Hern, 133 Hawai'i 59, 62, 323 P.3d 1241, 1244 (App. 2013) (regarding the appealability of a district court judgment dismissing the complaint without prejudice).

In the instant two appeals, none of the appealed orders are independently appealable under HRS § 641-12, and, thus, they are interlocutory orders that would be eligible for appellate review only by way of an appeal from an appealable final judgment

2

under the principle that, "[a]s a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." State v. Adam, 97 Hawaiʻi 475, 482, 40 P.3d 877, 884 (2002) (citations omitted). The district court has not yet entered a final judgment on the State's original December 4, 2017 complaint for criminal contempt of court in violation of HRS § 710-1077, and, thus, we lack appellate jurisdiction over both appeals.[1]

Therefore, IT IS HEREBY ORDERED that appellate court case numbers CAAP-17-0000888 and CAAP-18-0000402 are consolidated under appellate court case number CAAP-17-0000888. The appellate court clerk shall file a copy of this order in appellate court case numbers CAAP-17-0000888 and CAAP-18-0000402.

IT IS FURTHER HEREBY ORDERED that the consolidated appeals in appellate court case number CAAP-17-0000888 are dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in the consolidated appeals in appellate court case number CAAP-17-0000888 are dismissed as moot.

DATED: Honolulu, Hawaiʻi, June 29, 2018.

Chief Judge

Associate Judge

Associate Judge

---

[1] "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA International Limited v. Shimizu Corporation, 92 Hawaiʻi 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court." State v. Ontiveros, 82 Hawaiʻi 446, 449, 923 P.2d 388, 391 (1996) (citations omitted; emphasis added).

3